U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 31 2009
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:09CR-160-A |
| | § | |
| GUSTAVO PULIDO (6) | § | |

## FACTUAL RESUME

**INDICTMENT:**

  Count One:   Conspiracy to Smuggle Goods from the United States in violation of 18 U.S.C. § 371 (18 U.S.C. § 554).

  Count Three: Smuggling Goods from the United States, in violation of 18 U.S.C. § 554(a).

**PLEA:**

  Count One:   Conspiracy to Smuggle Goods from the United States in violation of 18 U.S.C. § 371 (18 U.S.C. § 554).

**PENALTIES:**

  The penalties the Court can impose include:

  a.   imprisonment for a period not more than five (5) years;

  b.   a fine not to exceed $250,000, or twice the amount of criminally derived property involved in the transaction(s);

  c.   a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

  d.   a mandatory special assessment of $100;

Factual Resume - Page 1

e.   forfeiture of money and property;

f.   costs of incarceration and supervision.

ESSENTIAL ELEMENTS OF THE OFFENSES:

To establish the offense alleged in Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First:   That the defendant and at least one other person made an agreement to commit the crime of smuggling goods from the United States as described in 18 U.S.C. §554 as charged in the indictment;

Second:   That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further the unlawful purpose; and,

Third:   That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment in order to accomplish some object or purpose of the conspiracy.

The elements of 18 U.S.C. §554 are as follows:

First:   That the defendant fraudulently and knowingly received, concealed, bought or facilitated the transportation, concealment and sale, prior to export from the United States of merchandise, articles and objects, that is firearms;

Second:   That the articles were listed on the United States Munitions List at the time of the offense;

Third:   The defendant failed to obtain a license from the U.S. Department of State before exporting, or attempting to export the defense articles as required by 22 U.S.C. § 2778; and

Fourth:   The defendant acted willfully, that is, with the intent to do something the law forbids.

**Factual Resume - Page 2**

## STIPULATED FACTS:

1. From on or about July 8, 2009, until at least July 14, 2009, in the Fort Worth Division of the Northern District of Texas, and elsewhere, the defendant, along with Javier Rosales, did knowingly and willfully combine, conspire, confederate and agree together and with each other and with others known and unknown to commit offenses against the United States, including violations of 18 U.S.C. § 554(a), that is, to fraudulently and knowingly export and send from the United States, and attempt to export and send from the United States any merchandise, object and article contrary to law and regulation of the United States, that is, firearms and ammunition; and to receive, conceal, buy, sell, and in any other manner facilitate the transportation, concealment, and sale of said firearms and ammunition, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, specifically, 22 U.S.C. § 2278.

2. Between July 8, 2009 and July 10, 2009, the defendant received eight PTR-91 .308 caliber rifles from Javier Rosales. Javier Rosales delivered the guns to the defendant at his home for the purpose of having the defendant conceal the weapons prior to the exportation of the firearms to Mexico. The defendant admits that these weapons were listed as prohibited weapons in the U.S. Munitions List  The defendant knew that the weapons in his possession were intended to be illegally and wrongfully exported to Alberto Pulido to Mexico.

**Factual Resume - Page 3**

SIGNED on this 22 day of December, 2009.

_____
GUSTAVO PULIDO
Defendant

_____
GREG WESTFALL
Attorney for Defendant