ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 3 1 2009

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 4:09-CR-160-A |
| § | |
| GUSTAVO PULIDO (6) § | |

## PLEA AGREEMENT

Gustavo Pulido, the defendant, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Pulido understands that he has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Pulido waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging Conspiracy to Smuggle Goods from the United States, in violation of 18 U.S.C. § 371. Pulido understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Factual Resume - Page 1

3. **Sentence**   On Count One of the Indictment, charging Conspiracy to Smuggle Goods from the United States, in violation of 18 U.S.C. § 371, the court may impose the following penalties:

a. imprisonment for a period not more than five (5) years;

b. a fine not to exceed $250,000, or twice the amount of criminally derived property involved in the transaction(s);

c. a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. forfeiture of money and property;

f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Pulido understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Pulido has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pulido will not be allowed to withdraw his plea if his sentence is higher than expected. Pulido fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Defendant's cooperation**: Pulido agrees to cooperate with the Government by giving truthful and complete information and/or testimony in any proceeding regarding his knowledge of any violation of any law of the United States

**Factual Resume - Page 2**

occurring in the Northern District of Texas and elsewhere. Upon demand, Pulido shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of Pulido's cooperation.

6. **Government's agreement**: The government will not bring any additional charges against Pulido based upon the conduct underlying and related to Pulido's plea of guilty. If Pulido has provided substantial assistance in the investigation or prosecution of others, the government may file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion.

7. **Violation of agreement**: Pulido understands that if he violates any provision of this agreement or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Pulido for all offenses of which it has knowledge. In such event, Pulido waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Pulido also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

8. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

9. **Forfeiture of property:** The defendant agrees to forfeit all right, title, and interest in the following property to the United States of America:

   1. The real property at 6209 Roberts Lane, Cleburne, Johnson County, Texas, described as being a 4.811 acre, more or less, tract of land out of the S. Kinsey Survey, Abstract No, 475, Johnson County, Texas, and more particularly described as the real property conveyed by Stephen J. Perry and Diana L. Perry to Ramon Godinez by warranty deed with vendor's lien on July 20, 2007 recorded with the Johnson County Clerk on July 30, 2007.

   2. 2008 Dodge Ram, VIN 3D6WC66A08G148431 and bearing Oklahoma license plate 180BXC

   3. 2003 Ford F550, VIN 1FDAF56P53EC75452 and bearing Oklahoma license plate 073BAZ.

   4. 2007 Chevrolet box truck, VIN 1GBHG31U871160895.

   5. 2007 Chevrolet box truck, VIN 1GBHG31V071181295.

   6. Six (6) Colt, Law Enforcement Carbine 5.56mm rifles, model LE6920, serial numbers LE074662, LE073524, LE074412, LE 073210, LE068877, and LE073371.

   7. One Colt, Model 02091, "El Jefe,".38 caliber, SN 38SS04015.

   8. One hundred rounds of Lake City .50 caliber ammunition.

   9. Eight PTR-91, Model KMF4, .308 carbines, seized from the home of Gustavo Pulido on or about July 14, 2009.

The defendant agrees the above-described property was merchandise attempted to be exported or sent from the United States in violation of 18 U.S.C. §§ 554 and 2278 as alleged in Count One; was used to facilitate the attempted exporting or sending of such merchandise or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation in violation of 18 U.S.C. §§ 554 and 2278 as alleged in

Count One. The defendant agrees to the forfeiture of the above-described property to the United States of America as a result of his conviction for the offense pursuant to 19 U.S.C. § 1595a(d) in conjunction with 28 U.S.C. § 2461(c). The defendant consents to the entry of orders of forfeiture for the above-described property and waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure regarding the forfeiture proceedings (including notice through a forfeiture allegation). The defendant acknowledges and understands that the forfeiture of the above-described property is part of the sentence which may be imposed in this case and waives any requirement of the Court to advise him/her of the same pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described property. The defendant waives all challenges (constitutional, statutory, habeas, etc.) to the forfeiture of the above-described property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of the above-described property.

Further, the defendant agrees not to make a claim or assert any interest in, contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of America of any property, real or personal, alleged as subject to forfeiture in the Indictment or seized or restrained by law enforcement agents during the investigation related to the Indictment. He agrees this property is subject to

forfeiture pursuant to 19 U.S.C. § 1595a(d), 21 U.S.C. § 881(a), 21 U.S.C. 853(a), and/or 18 U.S.C. § 924(d), whichever is applicable.

10. **Representation of counsel**: Pulido has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Pulido has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Pulido has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Limitation of Agreement:** This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Pulido or any property.

12. **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 22 day of December, 2009.

JAMES T. JACKS
UNITED STATES ATTORNEY

_Gustavo Pulido_
GUSTAVO PULIDO
Defendant

_Joshua T. Burgess_
JOSHUA T. BURGESS
Assistant United States Attorney
Texas State Bar No. 24001809
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX  76102-6897
Telephone: 817.252.5200
Facsimile: 817.978.3094

_Greg Westfall_
GREG WESTFALL
Attorney for Defendant

_Mark Nichols_
MARK NICHOLS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_Gustavo Pulido_      _12-22-09_
GUSTAVO PULIDO     Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_[signature]_     _12-22-09_
GREG WESTFALL     Date
Attorney for Defendant